IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

STEPHEN WEBB,

    Plaintiff,
v.                                  CASE NO. 4:16-cv-693-MW-GRJ

STEPHANIE G PACE, et al.

    Defendants.
_____/

**ORDER AND
REPORT AND RECOMMENDAITON**

Plaintiff, an inmate presently confined at Northwest Florida Reception Center, initiated this case by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) and seeks leave to proceed as a pauper (ECF No. 2). The Court finds that leave to proceed as a pauper should be granted for the limited purpose of recommending that the case be summarily dismissed.[1]

The Complaint, ECF No. 1, stems from Plaintiff's Santa Rosa County prosecution and conviction for July 2014 offenses of sexual battery and lewd and lascivious molestation of a victim less than 12 years of age. *See*

---

[1] Pursuant to the Prison Litigation Reform Act, a prisoner seeking to bring a civil action or appeal *in forma pauperis* shall pay the full amount of the filing fee. 28 U.S.C. § 1915(a)(b)(1). As explained *infra*, Plaintiff's claims sound in habeas corpus, and in the interest of judicial economy, the Court will not assess the fee at this time in view of the fact that there is no basis for exercising jurisdiction over Plaintiff's claims.

ECF No. 1.  Plaintiff contends that the charging information was defective in several respects, in violation of his constitutional rights.  Plaintiff represents that his conviction is currently pending in state court on direct appeal.  ECF No. 1 at 7.  The Court takes judicial notice that Plaintiff is serving a life sentence in connection with his convictions.[2]  The named Defendants are the prosecutor in his criminal case, the Florida Attorney General and Governor, and the Secretary of the DOC.  ECF No. 1.  Although Plaintiff's claim for relief is somewhat difficult to construe, he appears to contend that his continued confinement pursuant to his convictions and sentence amounts to involuntary servitude, among other claims.  ECF No. 1 at 10.

Plaintiff's claims are not properly asserted by way of a civil rights complaint.  "[W]hen a prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release . . .  his sole federal remedy is a writ of habeas corpus."  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  It is clear that Plaintiff's claims implicate the fact or duration of

---

[2]*See* http://www.dc.state.fl.us/ActiveInmates/detail.asp?Bookmark=1&From=list&SessionID=172337468 (last accessed November 2, 2016).

his present confinement, and therefore such claims go to the very heart of habeas corpus and are not properly raised in a civil rights complaint. Because Plaintiff is challenging a conviction and sentence imposed in Santa Rosa County, his remedy would be to file a habeas corpus petition in the Pensacola Division of this Court, after Plaintiff exhausts all available state remedies.  28 U.S.C. § 2254(b).

To the extent that Plaintiff seeks injunctive relief against state officials in connection with his prosecution, which is pending on appeal, federal courts will not interfere with pending state criminal proceedings absent very narrow circumstances, pursuant to the *Younger v. Harris* abstention doctrine.  401 U.S. 37 (1971).  "Under *Younger v. Harris* and its progeny, federal district courts must refrain from enjoining pending state court proceedings except under special circumstances." *Old Republic Union Ins. Co. v. Tillis Trucking Co., Inc.*, 124 F.3d 1258, 1261 (11th Cir. 1997).  "The policy of equitable restraint expressed in [*Younger*] . . . is founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Hughes v. Att'y Gen. of Florida*, 377 F.3d 1258, 1264 n. 7 (11th Cir. 2004).  The exceptions to *Younger* are very

narrow and apply only if: there is evidence of state proceedings motivated by bad faith, irreparable injury would occur, or there is no adequate alternative state forum where the petitioner's constitutional issues can be raised. *Id.* at 1263 n.6. The allegations of the Complaint do not suggest that this case would fall within any exception to *Younger*.

Accordingly, it is **ORDERED** that Plaintiff's motion for leave to proceed as a pauper, ECF No. 2, is **GRANTED**.

It is respectfully **RECOMMENDED** that this case be **DISMISSED**.

**IN CHAMBERS** in Gainesville, Florida, on the 3rd day of November 2016.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**